IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jennifer Murtoff, *on behalf of herself and all others similarly situated* | CASE NO.: _____ |
| Plaintiff, | |
| v. | |
| My Eye Dr. Optometrists, LLC and Capital Vision Services, LLC, | CLASS ACTION COMPLAINT |
| Defendant. | |

For this Class Action Complaint, Plaintiff, Jennifer Murtoff, by undersigned counsel, states on behalf of herself and a class of similarly situated persons as follows:

## INTRODUCTION

1. Plaintiff, Jennifer Murtoff ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Defendants My Eye Dr. Optometrists, LLC ("MyEyeDr.") and Capital Vision Services, LLC ("CVS," and together with MyEyeDr., "Defendants"). Defendants placed repeated telemarketing calls using a prerecorded and/or artificial voice to Plaintiff's cellular phone – over Plaintiff's repeated requests for Defendants to stop and without prior express written consent – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. MyEyeDr. is an eyewear company based in Virginia that operates "over 500 vision care centers across the United States."[1]

---

[1] https://www.myeyedr.com/about (last visited May 12, 2021).

3. CVS purports to "manage[ ] independently owned optometry practices which operate under the trade name MyEyeDr."[2]

4. In an effort to sell more eyeglasses and market their services, Defendants operate an aggressive telemarketing call campaign where they repeatedly calls consumers' cellular telephones using a prerecorded and/or artificial voice, without their consent and over their specific objections to stop the calls.

5. Indeed, Plaintiff has never provided Defendants with prior express consent to place telemarketing calls to her number. Nonetheless, Defendants have repeatedly called Plaintiff's cellular telephone with an identical prerecorded and artificial voice call recording which states, *inter alia,* hat the call was coming from "MyEyeDr.," "according to our records, it's time for your next eye exam" and demanding that Plaintiff "Call us today to schedule your appointment or visit us online at myeyedr.com."

6. Moreover, Plaintiff placed repeated outbound telephone calls to Defendants and asked Defendants to cease calling her cellular telephone. However, despite Plaintiff's requests for Defendants to cease calling her, Defendants continued to place the same telemarketing calls to Plaintiff.

7. Accordingly, Plaintiff seeks represent classes of similarly situated persons who have also received unwanted prerecorded and artificial voice calls from Defendants without their consent and over their objections, and to certify the following classes:

> **No Prior Express Written Consent Class:** All persons within the United States to whom (1) Defendants placed one or more prerecorded or artificial voice telemarketing calls, (2) to said person's cellular telephone, (3) without prior express written consent, (4) within the four years prior to the filing of the Complaint.
>
> **Do-Not-Call Class:** All persons within the United States to whom (1) Defendants

---

[2] https://www.capitalvisionservices.com/about/ (last visited May 12, 2021).

2

placed one or more prerecorded or artificial voice telemarketing calls, (2) to said person's cellular telephone, (3) after said person advised Defendants to stop calling them, (4) within the four years prior to the filing of the Complaint.

## JURISDICTION

8. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transacts business in this District and a substantial portion of the acts giving rise to this action – including Plaintiff's receipt of Defendants' illegal telephone calls – occurred in this District.

## PARTIES

10. Plaintiff, Jennifer Murtoff ("Plaintiff"), is an adult individual residing in Broadview, Illinois, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

11. Defendant My Eye Dr. Optometrists, LLC, is a Virginia business entity with a principal place of business at 1950 Old Gallows Road, Suite 520, Vienna, Virginia 22182, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

12. Defendant Capital Vision Services, LLC, is a Delaware business entity with a principal place of business at 1950 Old Gallows Road, Suite 520, Vienna, Virginia 22182, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

13. The TCPA regulates, among other things, the placement of telephone calls using a prerecorded or artificial voice.

14. 47 U.S.C. § 227(b)(1)(A)(iii) prohibits any call using "an artificial or prerecorded voice" to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

15. In addition, "Prior express *written* consent" is required before making prerecorded or artificial voice *telemarketing* calls, meaning there must be a written agreement, signed by the person receiving the call or text, with a "clear and conspicuous disclosure" that specifically authorizes the seller to send telemarketing communications using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200.

## FACTUAL ALLEGATIONS APPLICABLE TO PLAINTIFF

16. Plaintiff never provided prior express written consent to Defendants to be contacted on her cellular telephone.

17. Nonetheless, within the last four years Defendants began calling Plaintiff's cellular telephone, number 708-XXX-6877.

18. When Plaintiff did not answer Defendants' calls to Plaintiff's cellular telephone, Defendants left messages on Plaintiff's voicemail using a prerecorded and/or artificial female robotic-sounding voice stating the message was from "MyEyeDr." that "according to our records, it's time for your next eye exam" and demanding that Plaintiff "Call us today to schedule your appointment or visit us online at myeyedr.com."

19. The voicemail messages directed Plaintiff to call Defendants at telephone number 708-524-2020, which appears to be the telephone number associated with a MyEyeDr. retail location located in Oak Park, Illinois. *See* https://locations.myeyedr.com/il/oak-park/122-north-oak-park-ave (last visited May 12, 2021).

20. Following her receipt of several calls from Defendants, Plaintiff placed outbound calls to Defendants on or about August 4, 2020 at*, inter alia,* telephone numbers 708-524-2020 and 888-414-4442. During the ensuing conversations with Defendants, Plaintiff asked Defendants to cease calling her cellular telephone number.

21. Despite her August 2020 requests for Defendants to cease calling her, Defendants

continued to place prerecorded and artificial voice telemarketing calls to Plaintiff's cellular telephone.

22. For instance, on March 19, 2021, Defendants left a voicemail message on Plaintiff's cellular telephone using a prerecorded and artificial voice that was identical to the messages described above.

23. None of Defendants' calls to Plaintiff's cellular were for an emergency purpose.

24. Defendants' calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration, annoyance, and anger.

## CLASS ACTION ALLEGATIONS

A. **The Classes**

25. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

26. Plaintiff represents, and is a member of the following classes (the "Classes"):

**No Prior Express Written Consent Class:** All persons within the United States to whom (1) Defendants placed one or more prerecorded or artificial voice telemarketing calls, (2) to said person's cellular telephone, (3) without prior express written consent, (4) within the four years prior to the filing of the Complaint.

**Do-Not-Call Class:** All persons within the United States to whom (1) Defendants placed one or more prerecorded or artificial voice telemarketing calls, (2) to said person's cellular telephone, (3) after said person advised Defendants to stop calling them, (4) within the four years prior to the filing of the Complaint.

27. Defendants and their employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. <u>**Numerosity**</u>

28. Upon information and belief, Defendants placed prerecorded and artificial voice calls to cellular telephone numbers belonging to thousands of persons throughout the United States where it lacked prior express written consent to place such calls and/or such persons had previously asked Defendants to cease calling. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

C. <u>**Common Questions of Law and Fact**</u>

30. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

    a. Whether Defendants' calls to members of the Classes were placed for telemarketing purposes;

    b. Whether Defendants placed prerecorded and artificial voice calls to persons' cellular telephones after said persons asked Defendants to cease calling;

    c. Whether Defendants can meet their burden of showing they obtained prior express written consent to place each telemarketing call;

    d. Whether Defendants' conduct was knowing and/or willful;

    e. Whether Defendants are liable for damages, and the amount of such damages; and

    f. Whether Defendants should be enjoined from such conduct in the future.

31. The common questions in this case are capable of having common answers. If

Plaintiff's claim that Defendants routinely place prerecorded and artificial voice telemarketing calls to cellular telephone numbers without prior express consent, and over requests to stop the calls, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

D. **Typicality**

32. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

E. **Protecting the Interests of the Class Members**

33. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

F. **Proceeding Via Class Action is Superior and Advisable**

34. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendants is small because it is not economically feasible for Class members to bring individual actions.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

35. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

36. Plaintiff brings this claim on behalf of herself and the Classes.

37. Defendants placed telemarketing calls using a prerecorded and/or an artificial

7

voice to cellular telephones belonging to Plaintiff and the other members of the Classes without their prior express written consent and not for any emergency purpose.

38. Moreover, Defendants placed telemarketing calls using a prerecorded and/or an artificial voice to cellular telephones belonging to Plaintiff and the other members of the Classes after they asked Defendants to cease calling them.

39. Each of the aforementioned calls by Defendants constitutes a violation of the TCPA.

40. Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

41. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

42. Further, Plaintiff and the Classes are entitled to and seek a declaration from Defendants that:

- Defendants violated the TCPA; and

- Defendants placed prerecorded and/or artificial voice telemarketing calls to Plaintiff and the Classes without prior express written consent.

## COUNT II
## WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

43. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

44. Plaintiff brings this claim on behalf of herself and the Classes.

45. Defendants knowingly and/or willfully placed telemarketing calls using a prerecorded and/or an artificial voice to cellular numbers belonging to Plaintiff and the other

members of the Class without their prior express written consent and not for any emergency purposes.

46. Moreover, Defendants knowing and/or willfully placed telemarketing calls using a prerecorded and/or an artificial voice to cellular telephones belonging to Plaintiff and the other members of the Classes after they asked Defendants to cease calling.

47. Each of the aforementioned calls by Defendants constitutes a knowing and willful violation of the TCPA.

48. Plaintiff and the Classes are entitled to an award of up to $1,500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

49. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendants in the future.

50. Further, Plaintiff and the Classes are entitled to and seek a declaration from Defendants that:

- Defendants knowingly and/or willfully violated the TCPA;
- Defendants knowingly and/or willfully placed prerecorded and/or artificial voices to calls to Plaintiff and the Classes without prior express written consent; and
- It is Defendants' practice and history to place prerecorded and artificial voice telemarketing calls to persons without their prior express consent.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

A. Injunctive relief prohibiting such violation of the TCPA by Defendants in the future;

B. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

C. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Classes; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 14, 2021

Respectfully submitted,

By    /s/ Sergei Lemberg

Sergei Lemberg
LEMBERG LAW, L.L.C.
444 North Michigan Avenue, Suite 1200
Chicago, IL 60611
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff